## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| DAMON SCOTT ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CASE NO. 3:21-CV-141-BJB-RSE |
| ) | |
| HAIER US APPLIANCE ) | |
| SOLUTIONS, INC. ) | |
| ) | |
| DEFENDANT ) | |

## **MOTION TO DISMISS**

Defendant Haier US Appliance Solutions, Inc. ("Haier") moves the Court to dismiss this case with prejudice for impermissible splitting of claims. This is the second active lawsuit in this Court brought by Damon Scott against his former employer Haier. The claims in Scott's two Complaints are identical, and the factual allegations overlap almost entirely.

Scott had ample time to amend his first Complaint, but he never attempted to do so. Now, *after* Haier moved for summary judgment in that docket, Scott has duplicated his claims into a second Complaint here. This Court should not permit Scott, after 17 months of litigation, to start again from scratch. Scott's second Complaint should be dismissed with prejudice.

## BACKGROUND

Scott first filed suit against Haier in November 2019. *See* Complaint, *Scott v. Haier US Appliance Solutions, Inc.*, No. 3:19-cv-844-CRS-CHL (W.D. Ky. Nov. 18, 2019), ECF No. 1 [hereinafter "Scott I"]. According to that Complaint, Scott's supervisor Paula Hicks "began targeting Scott" in January 2019. *Id.* ¶ 11. The Complaint's specific allegations run from January 2019 to March 2019. *Id.* ¶¶ 12–17. Scott asserts claims of racial discrimination and retaliation related to his employment under Title VII of the Civil Rights Act and the Kentucky Civil Rights Act. *Id.* ¶¶ 20–29.

By Court Order, Scott could have amended that Complaint on or before June 30, 2020. *See* Scheduling Order, Scott I (Feb. 28, 2020), ECF No. 12. He did not attempt to do so, either before the deadline or since.

Discovery in that record has closed, and Haier has moved for summary judgment, the briefing of which is complete. *See* Motion for Summary Judgment, Scott I (Feb. 16, 2021), ECF No. 22. In short, Scott has failed to present any evidence of discrimination or retaliation; he was disciplined for his violations of Haier's safety and attendance policies. *See* Memorandum at 11–23, Scott I (Feb. 16, 2021), ECF No. 22-1. That motion remains pending and is ripe for review.

Before Scott responded to that motion, he initiated *this* action. (Compl., Mar. 3, 2021, ECF No. 1.) The two Complaints are nearly identical in substance. Here, in Scott II, Scott brings the exact same claims (now split into four "counts" rather than two) via the same counsel. (Compl. ¶¶ 24–57.) His claims still primarily rely on the same early-2019 allegations. (Compl. ¶¶ 11–16.) The only difference now is that Scott has added some factual allegations—still about Hicks' treatment of him at work—from early 2020. (Compl. ¶¶ 18–21.)

In his response brief opposing summary judgment, Scott asserted that this second docket had been opened "at [Haier]'s request." Resp. at 4 n.3, Scott I (Mar. 9, 2021), ECF No. 23. That is not true. Reply at 1 n.1, Scott I (Mar. 23, 2021), ECF No. 25. Furthermore, when Scott initiated this second docket, he did not acknowledge the related pending case. (Civil Cover Sheet Sec. VIII, ECF No. 1-1.)

Scott also brought an action in state court against Haier and the Kentucky Unemployment Insurance Commission, appealing his denial of unemployment benefits. *See* Compl., *Scott v. Kentucky Unemployment Benefits Commission*, No. 20-CI-6259 (Jeff. Cir. Ct. Oct. 28, 2020). That case has been dismissed with prejudice, and Scott's time to appeal has expired. Orders, *Scott*, No. 20-CI-6259 (Feb. 4, 2021).

**ARGUMENT**

The prohibition against claim-splitting, sometimes called duplicative litigation, "allows a district court to stay or dismiss a suit that is duplicative of another federal court suit." *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019) (cleaned up). The underlying principle is that a plaintiff "ha[s] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3rd Cir. 1977) (citing *United States v. Haytian Republic*, 154 U.S. 118, 123–24 (1894)); *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled in part on other grounds*, *Taylor v. Sturgell*, 553 U.S. 880 (2008).

This doctrine is "grounded" in the Court's "inherent discretionary authority to manage its own docket." *Waad*, 762 F. App'x at 260; *see also Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011). Accordingly, dismissal of this case would be reviewed for abuse of discretion, if challenged. *See Waad*, 762 F. App'x at 260; *Church Joint Venture, L.P. v. Blasingame*, 817 F. App'x 142, 146 (6th Cir. 2020).

**I.    Scott's Second Complaint Is Plainly Duplicative.**

A complaint is "duplicative" if it has "overlapping content, intentions, or effect" with the first. *Duplicative*, BLACK'S LAW DICTIONARY (10th ed. 2014). Here, the allegations in Scott's two Complaints overlap almost entirely. While the second Complaint adds some factual allegations from early 2020, both rely primarily on the same handful of factual allegations from early 2019. More broadly speaking, the two Complaints' allegations of ultimate fact are identical: "Both lawsuits claim[ ], in one way or another," that Haier discriminated and retaliated against Scott in the workplace through Scott's supervisor Paula Hicks. *Church Joint Venture*, 817 F. App'x at 146.

Furthermore, it is impossible to evaluate Scott's allegations about more recent events without also considering earlier ones. Haier enforces a "progressive discipline" policy; it was Scott's *cumulative* misconduct that prompted him to quit before he could be fired in 2020. *See* Mem. at 22–23, Scott I

(Feb. 16, 2021), ECF No. 22-1. This Court's evaluation of Scott's second Complaint would necessarily intrude upon this Court's evaluation of Scott's first Complaint (and Haier's pending motion for summary judgment in that case).

Other courts have recognized that a successive complaint with some different granular allegations is still duplicative. In *Vanover v. NCO Fin. Servs.*, the plaintiff filed two civil suits, nearly a year apart, against the same defendant. 857 F.3d 833, 836 (11th Cir. 2017). The first case's specific allegations ran from 2013 to 2014, while the second's ran from 2010 to 2013. *Id.* at 836–37. The U.S. Court of Appeals for the Eleventh Circuit affirmed the district court's dismissal on claim-splitting grounds. *Id.* at 843. Specifically, both courts found that the cases were "based on the same nucleus of operative facts," specifically "the same collection efforts" by the defendant. *Id.* at 842. Likewise, both of Scott's Complaints against Haier are based on the parties' singular employment relationship and Haier's alleged treatment of Scott throughout that relationship.

In short, Scott's decision to initiate a second docket "instead of seeking leave to file the [new complaint] as a supplemental pleading" was classic claim-splitting. *Waad*, 762 F. App'x at 259. Scott's second Complaint is plainly duplicative of the first.

## II.   Scott's Second Complaint Should Be Dismissed with Prejudice.

It is sometimes appropriate to simply consolidate related cases. *See Waad*, 762 F. App'x at 261 n.4 (citing FED. R. CIV. P. 42(a)(2)). However, dismissal is particularly appropriate "where, as here, the plaintiff files the second complaint to achieve procedural advantage by circumventing the rules pertaining to the amendment of complaints." *Friends of the Earth v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) (cleaned up); *see also Walton*, 563 F.2d at 71.

The claim splitting in Scott's second Complaint is flagrant. Dismissal with prejudice is the most appropriate consequence. *E.g. Waad*, 762 F. App'x at 263 (affirming dismissal). First, Scott had ample opportunity to amend his *first* Complaint rather than split litigation across two dockets.  In

addition to allegations about earlier events that were already included in his first Complaint, Scott's second Complaint alleges facts that occurred from January to March 2020. (Compl. ¶¶ 18–21.) Scott's deadline to amend his first Complaint was June 30, 2020. Thus, Scott had *over three months* to amend his first Complaint. *See* Scheduling Order, Scott I (Feb. 28, 2020), ECF No. 12. As of June 30, 2020, the case had not fully developed; discovery was ongoing and supplemental pleadings could have been accommodated. In fact, Scott had not even been deposed yet. (Exhibit, Scott Dep. at 1, Oct. 1, 2020.) When he was deposed—months before his second Complaint was filed—his testimony covered his early-2020 allegations. (Scott Dep. at 220, 237.)

Even after the deadline to amend passed, Scott never sought leave to do so. Instead, he waited until March 2021 to file this second lawsuit, eight months after his deadline to amend his Complaint and nearly a full year after the parties' employment relationship ended. He "should have sought reconsideration or leave to amend [his first] complaint instead of waiting more than a year to file the [second one]." *Waad*, 762 F. App'x at 259, 263.

Second, permitting Scott to prosecute his second Complaint would be extremely prejudicial for Haier. Scott and Haier have litigated this dispute for 17 months. Haier has developed a full record, participated in a day-long settlement conference with Magistrate Judge Lindsay, and fully briefed a motion for summary judgment on all claims. "[A] defendant suffers substantial prejudice when a plaintiff waits until after the filing of a summary judgment motion to file a motion to amend." *Szoke v. UPS of Am., Inc.*, 398 F. App'x 145, 153 (6th Cir. 2010) (citing *Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 496-97 (6th Cir. 2001)). Permitting Scott's second Complaint to proceed, or simply merging this docket with the first, would be greatly prejudicial to Haier, which has defended Scott I in good faith through summary judgment briefing, not to mention reward Scott's dilatory actions and misuse of the Court's resources.

## CONCLUSION

Scott has initiated two dockets with identical claims and almost entirely overlapping factual allegations. This is classic duplicative litigation. The most likely explanation for his strategy is also the simplest: Haier's recent motion for summary judgment lacerated Scott's case. His second Complaint is an attempt to survive dismissal of the first.

"The law does not allow [Scott] the luxury of returning to federal court with the same set of facts until he succeeds in alleging a federal cause of action." *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 780 (6th Cir. 2000). Because he "has filed two cases in the same district court, involving the same subject matter, seeking the same claims for relief against the same defendant[ ],"*Katz*, 655 F.3d at 1219, dismissal with prejudice is warranted.

Respectfully submitted,

/s/ Chase M. Cunningham
Kathryn A. Quesenberry
Robert C. Rives, IV
Matthew Barszcz
Chase M. Cunningham
DINSMORE & SHOHL LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 581-8000
Facsimile: (502) 581-8111
kathryn.quesenberry@dinsmore.com
robert.rives@dinsmore.com
matthew.barszcz@dinsmore.com
chase.cunningham@dinsmore.com
*Counsel for Haier US Appliance Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send notification of such filing to the attorney(s) of record:

Devan A. Dannelly
BIESECKER DUTKANYCH & MACER, LLC
101 North Seventh Street, Suite 603
Louisville, Kentucky 40202
Telephone: (502) 561-3484
Facsimile: (812) 424-1005
ddannelly@bdlegal.com
*Counsel for Damon Scott*

                                          /s/ Chase M. Cunningham
                                          *Counsel for Haier US Appliance Solutions, Inc.*