UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DAMON SCOTT ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | CASE NO. 3:21-CV-141-BJB-RSE |
| ) | |
| HAIER US APPLIANCE ) | |
| SOLUTIONS, INC. ) | |
| ) | |
| DEFENDANT ) | |

**REPLY IN SUPPORT OF**
**MOTION TO DISMISS**

This Court's "inherent discretionary authority to manage its own docket" includes discretion to dismiss duplicative cases. *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019). Here, plaintiff Damon Scott "has filed two cases in the same district court, involving the same subject matter, seeking the same claims for relief against the same defendant[ ]," Haier US Appliance Solutions, Inc. ("Haier"). *Katz v. Gerardi*, 655 F.3d 1212, 1219 (10th Cir. 2011). Therefore, this second and duplicative case should be dismissed with prejudice.

**I.  Scott Is Engaging in Duplicative Litigation.**

The merits of Scott's first case—both its factual allegations and its legal claims—are duplicated in this second case. Scott "ha[s] no right to maintain two separate actions" in this manner. *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3rd Cir. 1977) (citing *United States v. Haytian Republic*, 154 U.S. 118, 123–24 (1894)).

   A.  <u>The Complaints' Factual Allegations Overlap Almost Entirely.</u>

Scott argues that *only* his new allegations, meaning those arising from early 2020, "form the basis of this case." (Resp. at 2, May 27, 2021, ECF No. 11.) That simply is not correct: his second Complaint includes and relies upon the exact same 2019 allegations as his first Complaint. (Compl. ¶¶

11–16, Mar. 3, 2021, ECF No. 1.) Merely adding a handful of new granular allegations, all arising from the same employment relationship, does not distinguish the two Complaints. Similarly, in *Vanover v. NCO Financial Services*, because the second complaint's unique granular allegations were "still based upon the same collection efforts" as the first complaint, it was duplicative. 857 F.3d 833, 842 (11th Cir. 2017).

Furthermore, Scott has already raised his early 2020 allegations, albeit informally, in the parties' first case. There, in a January 2021 settlement conference, "the Parties attempted to settle and resolve all claims, including those [now] alleged in this [second] case." (Resp. at 3.) That was because *all* of Scott's allegations involve Haier's progressive discipline policy and Scott's cumulative misconduct. *See* Mem. at 22–23, *Scott v. Haier US Appliance Solutions, Inc.*, No. 3:19-cv-844-CRS-CHL (W.D. Ky. Feb. 16, 2021), ECF No. 22-1 [hereinafter "Scott I"].

In short, all of Scott's allegations arise from the parties' single employment relationship. The assertions pleaded in Scott I are wholly restated in this case's Complaint. Likewise, the new granular allegations in Scott's second Complaint have been negotiated in Scott I in which Haier's Motion for Summary Judgment is pending. This renders Scott's second Complaint duplicative of the first.

  B. <u>The Complaints' Legal Claims Are Identical.</u>

Scott's Response relies entirely on *Waad v. Farmers Insurance Exchange*, but his analysis of that case is flawed. There, the plaintiffs initiated lawsuits in 2013, 2016 and 2017. 762 F. App'x at 263. The plaintiffs' third case in 2017 is not "irrelevant" here as Scott claims. (Resp. at 5.) In fact, the third case was the duplicative case. *See Waad*, 762 F. App'x 263.

The *Waad* plaintiffs pleaded the same claims twice—first in 2016, then again in 2017. *Id.* at 258–59. The 2016 complaint was not duplicative because the 2013 complaint had asserted different claims. *Id.* at 257, 261. However, the 2017 complaint, which essentially attempted to revive the 2016 complaint's claims, *was* duplicative. *Id.* at 261–62. Because the plaintiffs could have sought leave to

2

amend their 2016 complaint but did not, the District Court appropriately dismissed the 2017 case. *Id.* at 263.

Here, as with the 2016 and 2017 complaints in *Waad*, the claims in Scott's two Complaints are virtually identical. Scott I raises claims of racial discrimination and retaliation under Title VII of the Civil Rights Act and the Kentucky Civil Rights Act. *See* Complaint ¶¶ 20–29, Scott I (Nov. 18, 2019), ECF No. 1. Here, in Scott II, he pleads the exact same causes of action. (Compl. ¶¶ 24–57.) In both Complaints, the claims arise from alleged treatment of Scott by the same supervisor, the same kind of misconduct by Scott, and the same progressive discipline policy implemented by Haier. (*See* Mot. at 1–2, 3–4, Apr. 22, 2021, ECF No. 8.) Because "[b]oth lawsuits claim[ ], in one way or another," that Haier discriminated and retaliated against Scott, he has "engaged in impermissible claim splitting." *Church Joint Venture, L.P. v. Blasingame*, 817 F. App'x 142, 146–47 (6th Cir. 2020).

## II.   Scott's Prejudicial Delay Remains Unjustified and Unexplained.

There *was* an avenue by which Scott could have appropriately raised his early 2020 allegations in a pleading: after the parties' employment relationship ended, he had over three months to amend his Complaint in Scott I. *See* Scheduling Order, Scott I (Feb. 28, 2020), ECF No. 12. He did not attempt to do so before the deadline, and he has not attempted to since. Here, his Response does not justify that inaction.

Neither does Scott's Response explain why he waited for so long before lodging his second Complaint. Scott did not even file a second EEOC charge until *nine months* after the date of his final allegation. (Exhibit, Am. Charge Discrimination, Dec. 17, 2020.) That delay is why he did not receive his second Notice of Right to Sue until January 2021, well past the deadline to amend his first Complaint. (*See* Resp. Ex. B.) Thereafter, Scott waited over another month to initiate this case. (*See* Compl.)

Dismissal of a duplicative case is appropriate where "the plaintiff files the second complaint to achieve procedural advantage." *Friends of the Earth v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996). Here, after failing to plead his early 2020 allegations in Scott I, Scott nonetheless reached for a full settlement and release in that case's settlement conference. (Resp. at 3.) When that did not succeed, and only after Haier moved for summary judgment on Scott's first Complaint, he initiated this second case. (*See* Compl.)

At this late stage, permitting Scott to re-litigate his claims would be extremely prejudicial to Haier and detrimental to this Court's resources; proceeding in this docket rather than their original docket would make no difference. *Cf. Szoke v. UPS of Am., Inc.*, 398 F. App'x 145, 153 (6th Cir. 2010). Accordingly, dismissal of this duplicative case is most appropriate. *E.g. Church Joint Venture*, 817 F. App'x at 147; *Waad*, 762 F. App'x at 263.

\*    \*    \*

For the foregoing reasons and those stated in Haier's Motion to Dismiss, this case should be dismissed with prejudice as duplicative litigation.

Respectfully submitted,

/s/ Chase M. Cunningham
Kathryn A. Quesenberry
Robert C. Rives, IV
Matthew Barszcz
Chase M. Cunningham
DINSMORE & SHOHL LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 581-8000
Facsimile: (502) 581-8111
kathryn.quesenberry@dinsmore.com
robert.rives@dinsmore.com
matthew.barszcz@dinsmore.com
chase.cunningham@dinsmore.com
*Counsel for Haier US Appliance Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 9, 2021, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send notification of such filing to the attorney(s) of record:

Devan A. Dannelly
BIESECKER DUTKANYCH & MACER, LLC
101 North Seventh Street, Suite 603
Louisville, Kentucky 40202
Telephone: (502) 561-3484
Facsimile: (812) 424-1005
ddannelly@bdlegal.com
*Counsel for Damon Scott*

                                                /s/ Chase M. Cunningham
                                                *Counsel for Haier US Appliance Solutions, Inc.*