**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **DAMON SCOTT** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 3:21-CV-141-BJB-RSE** |
| | ) | |
| **HAIER US APPLIANCE** | ) | |
| **SOLUTIONS, INC.** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## SECOND MOTION TO DISMISS

Scott first sued Haier in November 2019. When that case started to go south, he duplicated

his discrimination and retaliation claims into this case, hereafter "*Scott II*." (First Mot. Dismiss at 1–

2, ECF No. 8.) Haier has asked this Court to dismiss this case for improper claim splitting; that motion

is pending. (*See* First Mot. Dismiss at 3–5.)

Recently, the Court granted summary judgment in Scott's initial case. *See* Order, *Scott v. Haier*

*US Appliance Solutions, Inc.*, No. 3:19-cv-844-CRS-CHL (W.D. Ky. Jun. 23, 2019), ECF No. 28

[hereinafter "*Scott I*"]. Haier's Motion to Dismiss *Scott II* remains viable and ripe for review. But now

that *Scott I* has been dismissed with prejudice on essentially the same facts and claims, Haier now files

this Second Motion to Dismiss on two new bases: claim preclusion and issue preclusion.

Scott's claims have been fully adjudicated, and dispositive issues which are essential to *Scott II*

have been finally decided. Therefore, Scott's Complaint here fails to state a claim upon which relief

can be granted, and it should be dismissed. *See* FED. R. CIV. P. 12(b)(6).

## I.   Duplicative Litigation Is Still a Compelling Reason to Dismiss This Case.

"The filing of multiple federal actions arising out of the same facts is strongly discouraged."

*Twaddle v. Diem*, 200 F. App'x 435, 439 (6th Cir. 2006). This Court's inherent authority to manage its

own docket provides discretion to dismiss this duplicative case. (*See* Mot. Dismiss at 3–5.)

The grant of summary judgment in *Scott I* has not mooted the arguments in Haier's first Motion to Dismiss. In fact, plaintiffs who file duplicative cases "take such a course at the peril that *the adjudication of one case will have preclusive effect on the other*." *Id.* (emphasis added). The Court still may, in its discretion, dismiss *Scott II* because of Scott's disfavored procedural tactics. *See Friends of the Earth v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996); *e.g. Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 263 (6th Cir. 2019).

## II.   Now, Res Judicata Also Supports Dismissal.

Defendants may assert claim preclusion and issue preclusion[1] under Rule 12(b)(6), as Haier does here.[2] *See AFSCME v. Charter Cty. of Wayne*, 704 F. App'x 401, 405 (6th Cir. 2017) (citing *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)); *Karsner v. Hardin Cty.*, No. 3:20-CV-125-RGJ, 2021 U.S. Dist. LEXIS 43241, at *27 (W.D. Ky. Mar. 8, 2021) (same). Because *Scott II* is not a diversity jurisdiction case, and because *Scott I* was also litigated in federal court, the federal law of res judicata applies here. *See Thomas v. Miller*, 329 F. App'x 623, 627 n.1 (6th Cir. 2009).

### A.   Scott's Claims Now Have Been Fully Adjudicated.

"Claim preclusion prevents parties from re-raising claims or defenses that were or could have been raised in the prior action." *Cont'l Cas. Co. v. Indian Head Indus.*, 941 F.3d 828, 835 (6th Cir. 2019). The doctrine's elements are "(1) 'a final judgment on the merits' in a prior action; (2) 'a subsequent suit between the same parties or their privies'; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (quoting *Montana v. United States*, 440 U.S. 147,

---

[1] In current parlance, "[r]es judicata" includes both "claim preclusion and issue preclusion." *Cont'l Cas. Co. v. Indian Head Indus.*, 941 F.3d 828, 835 (6th Cir. 2019) (citing BLACK'S LAW DICTIONARY (11th ed. 2019)).
[2] Motions to dismiss duplicative litigation are often stylized as Rule 12(b)(6) motions. But they actually appeal to the Court's inherent authority, and they are reviewed for abuse of discretion. *See Waad*, 762 F. App'x at 260.

153 (1979)). Analyses of duplicative litigation and of claim preclusion are essentially one and the same. *See Waad*, 762 F. App'x at 260.

Summary judgment in *Scott I* was a decision on the merits. *See Stemler v. City of Florence*, 350 F.3d 578, 587 (6th Cir. 2003). Scott's dismissed Complaint (in *Scott I*) and pending complaint (in *Scott II*) presented the exact same claims. (*See* Mot. Dismiss at 1–2.) And the claims in both Complaints arose from Scott's employment relationship with Haier. (*See* Mot. Dismiss at 2–4.) Therefore, Scott's claims are precluded, and *Scott II* should be dismissed for failure to state a claim.

B.     Dispositive Issues for This Case Now Have Been Finally Decided.

"The doctrine of issue preclusion bars parties from relitigating any issue 'essential to the prior judgment' that was 'actually litigated and resolved in a valid court determination.'" *Pogue v. Principal Life Ins. Co.*, 979 F.3d 534, 536 (6th Cir. 2020) (quoting *Herrera v. Wyoming*, 139 S. Ct. 1686, 1697 (2019)). "Essentially, parties get only one chance to litigate an issue of fact or law." *Id.* "Issue preclusion bars relitigation of an issue when: (1) the identical issue was raised and actually litigated in a prior proceeding; (2) the determination of the issue was necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior proceeding." *GE Med. Sys. Eur. v. Prometheus Health*, 394 F. App'x 280, 283 (6th Cir. 2010).

In *Scott I*, the Court found as a matter of law that Scott cannot prove essential elements of his claims. Regarding Scott's discrimination claims, the Court found that (1) because he quit, no adverse employment action occurred, and (2) he cannot identify or describe any disparate treatment. *See* Mem. Op. at 11–12, *Scott I* (Jun. 23, 2021), ECF No. 27. Regarding Scott's retaliation claim, the Court found that Scott faced no retaliatory action, regarding *either* of his two EEOC charges—including the one underlying *Scott II*. *Id.* at 18–19. Therefore, Scott could never establish a *prima facie* case for either

3

claim.[3] *See Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006) (elements for discrimination); *Laster v. City of Kalamazoo,* 746 F.3d 714, 730 (6th Cir. 2014) (elements for retaliation).

These issues have been litigated, were essential to the Court's analysis, and resulted in summary judgment. Scott had a complete opportunity to litigate them in *Scott I*—after all, he was litigating the same claims there as he is attempting to litigate here. Therefore, these issues are precluded, and Scott's Complaint should be dismissed for failure to state a claim.

*       *       *

This is a duplicative case which this Court may dismiss in its discretion. Additionally, in light of the Court's summary judgment in *Scott I*, Scott's claims here and several essential issues here have already been decided. For the foregoing reasons, as well as those in Haier's first Motion to Dismiss and supporting Reply brief, this case should be dismissed with prejudice, either as improper duplicative litigation or for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/   Kathryn A. Quesenberry
Kathryn A. Quesenberry
Robert C. Rives, IV
Matthew Barszcz
Chase M. Cunningham
DINSMORE & SHOHL LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky 40202
Telephone: (502) 581-8000
Facsimile: (502) 581-8111
kathryn.quesenberry@dinsmore.com
robert.rives@dinsmore.com
matthew.barszcz@dinsmore.com
chase.cunningham@dinsmore.com
*Counsel for Haier US Appliance Solutions, Inc.*

---

[3] Scott conceded in *Scott I* that he has no direct evidence of either discrimination or retaliation. *See* Resp. at 6, 8, *Scott I* (Mar. 9, 2021), ECF No. 23. Therefore, the *McDonnell Douglas* burden-shifting framework, including its elements noted above, governs his claims.

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send notification of such filing to the attorney(s) of record:

Devan A. Dannelly
BIESECKER DUTKANYCH & MACER, LLC
101 North Seventh Street, Suite 603
Louisville, Kentucky 40202
Telephone: (502) 561-3484
Facsimile: (812) 424-1005
ddannelly@bdlegal.com
*Counsel for Damon Scott*

/s/  Kathryn A. Quesenberry
*Counsel for Haier US Appliance Solutions, Inc.*